**L.D. ROGERS, Petitioner,**

v.

**The Honorable James L. SONTAG; and the Nowata County Election Board, and Leona Kester, Chairman, O.D. Hicks, Vice–Chairman, and Debbie A. Lieb, Secretary, Respondents.**

No. 71513.

Supreme Court of Oklahoma.

Aug. 17, 1988.

must possess a high school education to file for said office.

Respondents' equal protection argument is also without merit. Classifications drawn by the Legislature are to be set aside only if they are based solely on reasons totally unrelated to the pursuit of state goals and if no grounds can be conceived to justify them. *Fleming v. Baptist General Convention*, 742 P.2d 1087, 1097 (Okl.1987). The Legislature may address itself to the phase of a problem which seems most acute to the legislative mind and such action does not violate the Equal Protection Clause. *Williamson v. Lee Optical*, 348 U.S. 483, 75 S.Ct. 461, 99 L.Ed. 563 (1955).

The District Court's Writ of Mandamus granted on August 4, 1988 is vacated. A Writ of Mandamus is granted hereby ordering the Nowata County Election Board to strike the name of William G. "Bill" Cody from the primary election ballot for the Office of Sheriff of Nowata County to be held on August 23, 1988.

HARGRAVE, V.C.J., and LAVENDER, OPALA, ALMA WILSON, and SUMMERS, JJ., concur.

DOOLIN, C.J., and HODGES and KAUGER, JJ., dissent.

## ORDER

Original jurisdiction is assumed. Respondent Cody stipulated before the Election Board that he did not have a high school education or a G.E.D. equivalent at that time, and was not qualified at that time to hold office, although he hoped to have a G.E.D. by the time of the election. 19 O.S. 1981 § 510 addresses not only the requirements for eligibility to hold the office of sheriff, but also to file therefor. A plain reading of the statute indicates that a candidate for the Office of County Sheriff